IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TYRONE SMALL**                                                                                     **PLAINTIFF**

**V.**                                                      **CIVIL ACTION NO.:3:20-CV157-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                           **DEFENDANT**

## MEMORANDUM OPINION

The plaintiff, Tyrone Small seeks judicial review of the Social Security Administration's decision denying his application for Supplemental Security Income. The undersigned, having reviewed and considered the record, briefs and oral argument and having considered the applicable regulations and case law in this matter, and finds the decision of the Commissioner of Social Security is affirmed.

## FACTS

The plaintiff, Tyrone Small, filed for benefits on January 26, 2018, alleging onset of disability commencing on January 17, 2017. The plaintiff complains of multiple ailments. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on July 10, 2019. (Dkt. 11 p.18-29). The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined the had the following severe impairments: coronary artery disease, post-status stenting; diabetes mellitus with neuropathy; carpal tunnel syndrome of both upper extremities; cerebrovascular accident, obesity, and pancreatitis. The ALJ found he retained the residual functional capacity (RFC) to lift/carry/push and pull ten pounds occasionally and less

than ten pounds frequently. He can stand/walk for two hours and sit for six hours in an eight-hour workday. He can occasionally climb ramps/stairs, stoop, kneel, crouch, crawl, and balance. He can frequently handle, finger, and feel bilaterally. He must avoid all exposure to workplace hazards, such as unprotected heights, or dangerous moving machinery. He can tolerate occasional exposure to dust, fumes, odors, or pulmonary irritants. He can perform simple routine, repetitive tasks. He can sustain concentration, persistence, and pace for two-hour periods during the workday. While Small cannot perform any of his past relevant work, the ALJ found, based on the testimony of the vocational expert, that there were other jobs in the national economy that would fit within his RFC. For example, the ALJ found he can work as a nut sorter, foundation maker, and eyeglass inserter. Each of these jobs are unskilled and performed at the sedentary level of exertion. These three jobs represent 35,000, 25,000 and 18,000 jobs respectively in the national economy.

## **Analysis**

The plaintiff asserts the ALJ failed to assess all the evidence and challenges the ALJ's decision that he can frequently handle, finger, and manipulate. He also urges the court to find error because the ALJ, while acknowledging the need to review the later received nerve conduction study, did not discuss that study in the decision.

The court finds the failure to discuss the EMG report or to have it reviewed by a medical expert was not erroneous. As the Commissioner points out, the testing was diagnostic only and the accuracy of the diagnosis is uncontested. She also argues, and the court agrees, that the ALJ appropriately relied on the findings of the nurse practitioner who ordered the testing; reviewed the testing; and examined the plaintiff after the testing.

Small further argues that because his carpal tunnel syndrome was severe enough for his nurse practitioner to prescribe wrist splints, he should have been limited to only occasionally handling. The plaintiff points out that the RFC determination of his manipulative restrictions is critical to the ultimate determination. With the ability to frequently manipulate and handle -- defined as one-third to two-thirds of a workday -- the VE found other jobs Small could perform. But the VE testified that there would be no jobs Small could perform if he is restricted to occasionally handling, or for less than one-third of the workday. The Commissioner cites cases that have upheld an RFC for frequent handling, manipulation, and fingering, despite the need for wrist splints. *Loyd v. Comm'r of Soc. Sec.,* No. 1-12589, 2018 U.S. Dist. Lexis 159116 (E.D. Mich. Aug. 10, 2018) and *Chavis v. Colvin,* No. 1:11CV771, 2014 U.S. Dist. Lexis 28151 (M.D. N.C. March 4, 2014). The court finds these cases persuasive. The Commissioner also points out the ALJ further limited Small's RFC because of his carpal tunnel syndrome by limiting his lifting, carrying, and pulling to just ten pounds on an occasional basis and less than ten pounds on a frequent basis.

As noted above, the RFC determination between "frequent" handling and "occasional" handling is determinative. On the evidence it appears to be a close question -- one that different ALJs might decide differently. However, this is precisely the type of decision-making assigned to the ALJs that is not subject to judicial revision. Because substantial evidence supports the ALJ's decision here, the court finds the Commissioner's decision must be affirmed.

**THIS** the 9th day of September, 2020.

/s/ David A. Sanders  
**U.S. MAGISTRATE JUDGE**